In his answer, defendant admits that his business purchased and received delivery of the building supplies. Nowhere in the record does defendant dispute the dollar amount that plaintiff claims. Consequently, the dispositive issue is whether there is merit to defendant's allegation that plaintiff failed to make timely delivery of the building materials.

Plaintiff's motion for summary judgment is supported by a detailed affidavit by its operations manager setting forth specific dates, dollar amounts, and the amount due and owing from defendant. Defendant's affidavit submitted in response contains absolutely nothing which could be admitted at trial to support the counterclaim. The affidavit is completely conclusory and devoid of facts. It fails to identify a single instance during a period of 11 months when plaintiff failed to deliver the materials on time. Neither does defendant's affidavit deny plaintiff's statement that defendant never complained of late delivery until this lawsuit was commenced. Defendant also fails to explain why he continued to telephone orders to plaintiff in relatively small amounts in spite of the fact that he now claims that late deliveries damaged him in the amount of $50,000. Thus, defendant's opposition to plaintiff's motion is inadequate (see, Zuckerman v City of New York, 49 NY2d 557, 562-563; Semperit of Am. v Todd Equip. Leasing Co., 51 AD2d 908, affd 41 NY2d 933). Although plaintiff did not cross-move for such relief, where there is no evidentiary support for defendant's counterclaim, this court is empowered to dismiss it (Flaks, Zaslow & Co. v Bank Computer Network Corp., 66 AD2d 363, appeal dismissed 47 NY2d 951; see, Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106, 110-112).

Order reversed, on the law, with costs, motion granted, summary judgment awarded in favor of plaintiff and defendant's counterclaim dismissed. Kane, J. P., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.

FOURTH DEPARTMENT, NOVEMBER, 1985

(November 15, 1985)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE JAMES JOHNSON, Appellant.—Upon remittitur from the Court of Appeals, judgment unanimously affirmed. Memorandum: On remittitur from the Court of Appeals for determination of the facts (CPL 470.40 [2] [b]), we hold that the jury

verdict was not against the weight of the evidence. We choose not to exercise our discretion in the interest of justice. Present —Dillon, P. J., Denman, Boomer, O'Donnell and Schnepp, JJ.

■ STATE DIVISION OF HUMAN RIGHTS, on Complaint of DEBORAH E. GREEN, Respondent, v ST. ELIZABETH'S HOSPITAL, Appellant.—Upon remittitur from Court of Appeals, order entered November 7, 1984, unanimously vacated and matter remitted to State Division of Human Rights for further proceedings, in accordance with memorandum decision of Court of Appeals dated October 15, 1985 (66 NY2d 684). Present— Hancock, Jr., J. P., Denman, Green, O'Donnell and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LILLIAN M. TYLER, Appellant.—Upon remittitur from the Court of Appeals, judgment unanimously affirmed. Memorandum: On remittitur from the Court of Appeals for determination of the facts (CPL 470.40 [2] [b]), we hold that the jury verdict was not against the weight of the evidence. We choose not to exercise our discretion in the interest of justice. We have considered the other contentions originally raised by defendant and find them lacking in merit. Present—Denman, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD FERGUSON, Appellant.—Judgment affirmed. Memorandum: Defendant appeals from a judgment of conviction of second degree murder and primarily argues that the trial court's declaration of a mistrial during his first trial precluded his retrial for the same offense. From the sparse record it appears that during his first trial information was received by the Trial Judge that a trial juror had been injured in an automobile accident on the evening of the fourth day of trial and was in the hospital receiving treatment for his injuries. This was confirmed by unidentified hospital emergency room personnel who further advised that the juror was not available to speak on the phone. The Trial Judge announced to counsel in chambers that she was considering a mistrial since no alternate juror remained available. Following this conference in chambers, the Trial Judge, in open court and in the presence of the jury and counsel, informed the remaining jurors of the inability of the injured juror to continue the trial and *sua sponte* declared a mistrial. Defense counsel waived the presence of the defendant, but did not respond to the Trial Judge's inquiry as to whether the proposed action in declaring a mistrial was "agreeable" and otherwise remained silent.